# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| CAPITAL ONE FINANCIAL CORPORATION,<br><br>       Plaintiff,<br><br>    v.<br><br>LENDINGTREE, LLC,<br><br>       Defendant. | Civil Action No. _____ |

## COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND CYBERSQUATTING

Plaintiff Capital One Financial Corporation ("Capital One"), by its undersigned attorneys, alleges as follows, upon actual knowledge with respect to itself and its own acts, and upon information and belief as to all other matters:

### NATURE OF THE ACTION

1. This is a civil action for trademark infringement, unfair competition, and cybersquatting under the Lanham Act, 15 U.S.C. § 1051, *et seq.* and/or Virginia statutory and common law. Capital One has significantly invested in its CREDITWISE mark and service, which allows consumers to receive free credit report information and advice to help understand, improve, and protect their credit scores. Despite a business relationship with Capital One that began in the mid-2000s, Defendant LendingTree, LLC ("Defendant" or "LendingTree") has sought to trade off the goodwill Capital One has built into its CREDITWISE mark by using the creditwise.com and creditwise.net domain names to market its competing credit score tracking tool. Capital One seeks equitable and monetary relief from LendingTree based on its knowing violations of Capital One's rights in its well-known CREDITWISE trademark and to prevent consumer confusion that Lending Tree's domain names and tool are offered by Capital One or

are otherwise associated with Capital One, its CREDITWISE mark, and/or its credit-score services.

## THE PARTIES

2. Capital One is a Delaware corporation with its principal place of business at 1680 Capital One Drive, McLean, Virginia 22102.

3. LendingTree is a Delaware limited liability corporation with its principal place of business at 11115 Rushmore Dr., Charlotte, North Carolina 28277.

## JURISDICTION AND VENUE

4. This action arises under the federal Trademark Act, 15 U.S.C. § 1051, *et. seq.*, and related statutory and common law of the Commonwealth of Virginia. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b). This Court also has diversity jurisdiction under 28 U.S.C. § 1332 because Capital One and Defendant reside in different states—namely Virginia and North Carolina, respectively—and the amount in controversy exceeds $75,000 exclusive of interest and costs. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Capital One's state law claims because those claims are substantially related to Capital One's federal Lanham Act claims.

5. This Court has personal jurisdiction over Defendant and venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c). LendingTree has solicited and transacted business in this District and the injuries suffered by Capital One were suffered, in part, in this District.

## CAPITAL ONE, ITS SERVICES, AND ITS CREDITWISE TRADEMARK

6. Capital One is one of the largest and best known financial institutions in the United States. Capital One is a diversified financial services company whose principal subsidiaries, Capital One Bank (USA), National Association and Capital One, National

Association, offer a broad spectrum of financial products and services to consumers, small businesses, and commercial clients. Capital One is a Fortune 500 company, trades on the New York Stock Exchange, and is included in the S&P 100 index.

7. Capital One offers a range of financial products and services, including credit-card services; credit-monitoring services and providing consumers access to credit scores and credit alerts; credit account management services for businesses; banking services, including savings accounts, checking accounts, certificates of deposit, money-market accounts, and mobile-payment services; and automobile financing.

8. Capital One acquired rights in U.S. Registration No. 3920633 for the trademark CREDITWISE from First National of Nebraska, Inc. in December 2015, with rights that date back to August 21, 2009 based on the initial trademark application filing date. The registration is incontestable under 15 U.S.C. § 1065.

9. Capital One currently owns the following U.S. Trademark Registrations for the CREDITWISE mark:

| Mark | Reg. No./ Reg. Date | Services | First Use |
|---|---|---|---|
| CREDITWISE | 3920633 Feb. 15, 2011 | Providing credit card account information; and providing credit management information in Class 36. | June 25, 2010 |
| credit wise | 5426700 March 20, 2018 | Providing credit card account information; and providing credit management information in Class 36. | March 30, 2017 |

Computer printouts of these registrations, taken from the U.S. Patent and Trademark Office's online database, are attached as Exhibit A.

10. Since February 2016, Capital One has prominently used the CREDITWISE mark for credit score services, providing monitoring and tracking of users' credit scores, as well as

3

information that helps users understand what makes up their credit score, what causes it to go up or down, and what actions users can take to improve it. Capital One's CREDITWISE credit-score services are free and available to the general public, not just Capital One customers. Users can access the CREDITWISE tool through Capital One's website (https://creditwise.capitalone.com/home), a screen shot of which is shown below, and Capital One's corresponding mobile applications:



A printout of the https://creditwise.capitalone.com/home website is attached as Exhibit B.

11. Capital One's CREDITWISE services have been widely successful. Capital One's CREDITWISE website receives hundreds of thousands of views every month. As of June 2018, tens of millions of people were using the CREDITWISE tool. Capital One's extensive marketing and high-profile advertising efforts for its CREDITWISE credit-score services include print, social media, and online advertisements, as shown below:











Among other things, Capital One also regularly airs television commercials for its CREDITWISE services, including the following advertisement, which aired during the 2017 NCAA Final Four weekend:



6

12. In addition to Capital One's substantial advertising and promotional activities, its CREDITWISE mark and services have received extensive media coverage, including in widely circulated media, such as *Good Morning America*, *Business Insider*, *Fox News*, *The Talk*, *USA Today*, *Huffington Post*, *Forbes*, *Buzzfeed*, *Washington Post*, *NY Times*, *CNN*, *Yahoo! Finance*, *Bustle*, and *Refinery29*.

## DEFENDANT AND ITS WRONGFUL ACTS

13. LendingTree is an online exchange that allows consumers to shop and compare various third-party financial services, including credit cards, home loans, auto loans, business loans, and educational loans. LendingTree does not directly supply any of these services, but offers complementary brokerage services.

14. Since at least 2014, LendingTree has featured Capital One credit cards on its website, per an agreement between the parties. Potential Capital One consumers routinely rely upon information from the LendingTree website about Capital One services before making purchasing decisions.

15. On its homepage (www.lendingtree.com) and its page featuring Capital One credit cards (https://creditcards.lendingtree.com), LendingTree posts links to its competing credit-score service. Printouts of the www.lendingtree.com and https://creditcards.lendingtree.com webpages are attached as Exhibit C.

16. LendingTree acquired the creditwise.com and creditwise.net domain names (the "CREDITWISE Domains") in or around 2008, but the domains remained inactive – displaying only a "coming soon" message – until at least 2016. Printouts from the Internet Archive website showing inactivity for the CREDITWISE Domains are attached as Exhibit D.

17. LendingTree renewed the creditwise.net domain name with its domain name registrar in October or November 2016 and renewed the creditwise.com domain name in

February or March 2017.

18.     LendingTree first began forwarding the CREDITWISE Domains to the LendingTree home page (www.lendingtree.com) in late 2016 or early 2017 – *after* Capital One began its extensive marketing campaign around the CREDITWISE mark in February 2016.

19.     In March 2017, Capital One contacted LendingTree through its existing business channels and provided notice of its rights in CREDITWISE to LendingTree.  Capital One requested that LendingTree transfer the CREDITWISE Domains to Capital One.

20.     At some point after the February 2017 communications with Capital One, LendingTree began using the creditwise.com domain name for LendingTree's competing "free credit score" tool, with similar imagery (e.g., a hand holding a cell phone containing a circular credit-score meter featuring the very same "720" credit score), as shown below:



Printouts from creditwise.com home page, dated March 29, 2018 and July 1, 2018, are attached as Exhibit E.  LendingTree is currently using its creditwise.net domain name to forward to the LendingTree homepage (www.lendingtree.com).

**INJURY TO CAPITAL ONE AND THE PUBLIC**

23. Given Capital One's undeniably prominent presence in the financial-services industry and other co-dealings with LendingTree, when consumers encounter Defendant's use of the CREDITWISE Domains, they will mistakenly believe that Defendant's associated services come from Capital One or are licensed by or otherwise associated or connected with Capital One.

24. Defendant's unauthorized use of the CREDITWISE Domains has damaged and irreparably harmed and, if permitted to continue, will further damage and irreparably harm Capital One, its CREDITWISE mark, its reputation and goodwill associated with the mark, and the public's interest in being free from confusion, mistake, and deception.

25. Defendant knew, and has known, that its unauthorized use of the CREDITWISE Domains violated Capital One's rights in the CREDITWISE mark. As a result, Defendant has acted knowingly, willfully, in reckless disregard of Capital One's rights, and in bad faith.

26. Capital One has no adequate remedy at law.

**FIRST CLAIM FOR RELIEF**
**Federal Trademark Infringement Under**
**Section 32(1) of the Lanham Act,**
**15 U.S.C. § 1114(1)**

27. Capital One repeats and realleges the allegations set forth in Paragraphs 1 through 26 of this Complaint.

28. Without Capital One's consent, Defendant's use in commerce of a reproduction, copy, or colorable imitation of Capital One's registered CREDITWISE mark (covered by U.S. Registration Nos. 3920633 and 5426700) in connection with the sale, offering for sale, distribution, and advertising of services, is likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

**SECOND CLAIM FOR RELIEF**
Federal Trademark Infringement, False Designation
of Origin, and Unfair Competition
Under Section 43(a)(1) of the Lanham Act,
**15 U.S.C. § 1125(a)(1)**

29. Capital One repeats and realleges the allegations set forth in Paragraphs 1 through 28 of this Complaint.

30. Defendant's use and/or registration of the CREDITWISE Domains is likely to cause confusion, or to cause mistake, or to deceive as to an affiliation, connection, or association of Defendant with Capital One or CREDITWISE mark, or as to the origin, sponsorship, or approval of Defendant's services and/or commercial activities, and thus constitutes trademark infringement, false designation of origin, and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

**THIRD CLAIM FOR RELIEF**
Unfair Competition Under Virginia Statute
**Virginia Stat. Ann. § 59.1-196** *et seq*.

31. Capital One repeats and realleges the allegations set forth in Paragraphs 1 through 30 of this Complaint.

32. Capital One's CREDITWISE mark is inherently distinctive and has also acquired distinctiveness.

33. Defendant's actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to the source, sponsorship, approval, affiliation, connection and/or association of Defendant, its services, and/or its commercial activities by or with Capital One, and thus constitute deception, fraud, and misrepresentation in connection with a consumer transaction under the Virginia Consumer Protection Act, Virginia Stat. Ann. § 59.1-196 *et seq*.

## FOURTH CLAIM FOR RELIEF
### Common-Law Trademark Infringement
### and Unfair Competition Under Virginia State Law

34. Capital One repeats and realleges the allegations set forth in Paragraphs 1 through 33 of this Complaint.

35. Defendant's use and/or registration of the CREDITWISE Domains constitutes trademark infringement, misappropriation of Capital One's goodwill, and unfair competition under Virginia common law.

## FIFTH CLAIM FOR RELIEF
### Cybersquatting
### Under Section 43(d) of The Lanham Act, 15 U.S.C. § 1125(d)

36. Capital One repeats and realleges the allegation set forth in Paragraphs 1 through 35 of this Complaint.

37. Defendant's forwarding of the CREDITWISE Domains to its competing credit-score tool website, occurring after the CREDITWISE mark became distinctive, constitute a bad faith attempt to profit from the CREDITWISE mark by use and registration of a confusingly similar domain name in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

38. The actions of Defendant described above have at all times relevant to this action been willful and knowing.

39. As a direct and proximate result of the actions of Defendant alleged above, Capital One has been damaged and will continue to be damaged.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Capital One respectfully demands a trial by jury on all issues properly triable by a jury in this action.

**PRAYER FOR RELIEF**

WHEREFORE, Capital One respectfully requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief, including but not limited to the following:

    A.    An Order declaring that Defendant's use of the CREDITWISE Domains infringes Capital One's CREDITWISE mark and constitutes unfair competition, as detailed above;

    B.    An Order enjoining Defendant, its officers, directors, employees, agents, subsidiaries, distributors, dealers, related companies, and all persons in active concert or participation with it:

        1.    From using, registering, or seeking to register any name, mark, domain name, source-identifier, or designation comprised of or containing CREDITWISE, and/or any other confusingly similar name, mark, domain name, source-identifier, or designation in any manner likely to cause confusion with Capital One's CREDITWISE mark;

        2.    From representing by any means whatsoever, directly or indirectly, that Defendant, its services or goods, and/or its activities originate from, are licensed by, or are otherwise associated, affiliated, or connected with Capital One in any way;

    C.    An Order directing the destruction of Defendant's advertising, promotional, and other materials bearing the CREDITWISE Domains;

    D.    An Order directing Defendant (and the relevant registrar) to transfer to Capital One the creditwise.com and creditwise.net domain names and all other domain names Defendant owns or controls that contain Capital One's CREDITWISE mark and/or are confusingly similar to Capital One's CREDITWISE mark;

E.  An Order directing that, within thirty (30) days after the entry of the injunction, Defendant files with this Court and serve on Capital One's attorneys a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

F.  An Order requiring Defendant to account for and pay to Capital One all profits arising from Defendant's unlawful acts, and increasing such profits, for payment to Capital One in accordance with 15 U.S.C. § 1117 and other applicable laws;

G.  An Order requiring Defendant to pay Capital One punitive damages in an amount to be determined due to the foregoing willful acts of Defendant;

H.  An Order requiring Defendant to pay statutory damages under 15 U.S.C. § 1117(d), on election by Capital One, in an amount of one hundred thousand dollars per domain ($200,000) for the registration and use of the creditwise.com and creditwise.net domain names;

I.  Order requiring Defendant to pay Capital One damages, in an amount to be determined (but exceeding $75,000), caused by the foregoing acts, and trebling such damages in accordance with 15 U.S.C. § 1117 and other applicable laws;

J.  An Order requiring Defendant to pay Capital One all of its litigation expenses, including reasonable attorneys' fees and costs under 15 U.S.C. § 1117, Virginia common law, and other applicable laws;

K.  Such other relief as the Court may deem just and appropriate.

Dated: July 31, 2018

Respectfully submitted,

By: /s/ Elizabeth D. Ferrill
Elizabeth D. Ferrill
(VA Bar ID 72935)

Douglas A. Rettew (*Pro Hac Vice* in process)
Laura K. Johnson (*Pro Hac Vice* in process)
FINNEGAN, HENDERSON, FARABOW,
　GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000 (phone)
(202) 408-4400 (fax)

James A. Murphy
(VA Bar ID 35380)
MURPHY & MCGONIGLE, P.C.
4870 Sadler Road, Suite 301
Glen Allen, VA 236060
(804) 762-5330 (phone)

Counsel for Plaintiff
Capital One Financial Corp.